IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEWIS JAMES FOGLE, | CIVIL ACTION NO. 2:17-cv-00194-DSC |
| Plaintiff, | JUDGE DAVID S. CERCONE |
| vs. | |
| Pennsylvania State Police Troopers JOHN SOKOL, MICHAEL STEFFEE, DONALD BECKWITH and JOSEPH STEPHEN, Corporals JOHN BARDROFF and ANDREW MOLLURA and Lieutenant GLENN WALP, in their individual capacities; COUNTY OF INDIANA, PENNSYLVANIA; Indiana County District Attorney GREGORY OLSON, in his official and individual capacity; Indiana County Assistant District Attorney WILLIAM MARTIN, in his individual capacity, | *Electronically Filed* |
| Defendants. | *JURY TRIAL DEMANDED* |

## INDIANA COUNTY DEFENDANTS' MOTION TO STAY

AND NOW, come Defendants, COUNTY OF INDIANA, PENNSYLVANIA, GREGORY OLSON and WILLIAM MARTIN (the "County Defendants"), moving to stay the case pending resolution and the outcome of their appeal now pending in the United States Court of Appeals for the Third Circuit, averring as follows:

1. The County Defendants seek to stay discovery and other deadlines in this matter pending resolution of their appeal pursuant to Federal Rule of Appellate Procedure 8(a), as the County Defendants initiated an appeal on the basis of absolute immunity, and this Court lacks jurisdiction of the matter at this juncture.

{W0158488.1}

2. On December 28, 2018, the Court issued a Memorandum Opinion and Order (ECF Nos. 80-81) denying the County Defendants' Motion to Dismiss on the basis that the individual County Defendants were not entitled to absolute prosecutorial immunity related to their involvement in "fabricating evidence" through witness statements and that the County could be liable on the basis of municipal liability for the investigatory acts of fabricating evidence of the prosecutors.

3. On January 3, 2019, the Court held a status conference in this matter. During the status conference, the Court required the County Defendants, along with all other parties, to be subject to discovery, Alternative Dispute Resolution and other pretrial matters on the surviving claims.

4. On January 7, 2019, the County Defendants timely filed a Notice of Appeal of the Court's Memorandum Opinion and Order (ECF Nos. 80-81) on the basis that even if the allegations set forth in Plaintiff's Complaint were true, the County Defendants would be entitled to absolute prosecutorial immunity.

5. Thereafter, the County Defendants properly initiated this appeal in the United States Court of Appeals for the Third Circuit.

6. Recently, the parties have been attempting to schedule certain depositions and an Alternative Dispute Resolution session as required by the Court and have been engaged in other discovery matters. The County Defendants should not be subjected to such litigation time and expense at this juncture.

7. As an initial matter, this Court's Memorandum Opinion and Order denying Defendants' Motion to Dismiss by rejecting their assertion of absolute prosecutorial immunity is immediately appealable under the collateral order doctrine. *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009); *Oliver v. Roquet*, 858 F.3d 180, 187-88 (3d Cir. 2017).

8. The issue on appeal addresses the Court's perceived error in finding that absolute prosecutorial immunity did not apply to the allegations alleged against the County Defendants with respect to fabricating evidence on the remaining claims. Resolution of this sole issue is dispositive as to the County Defendants remaining in the case.

9. Because the County Defendants filed a Notice of Appeal of a properly appealable issue, this Court lacks jurisdiction over this matter and the County Defendants. As the Supreme Court noted:

> [I]t is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

10. After filing a notice of appeal, the District Court may not take any action that would "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990).

11. Allowing this matter to move forward through discovery, Alternative Dispute Resolution and other pretrial matters would alter the status of the matter as relates to the County Defendants.

12. Moving forward piecemeal against only the police Defendants would also alter the matter and such approach "is disfavored." *In re White Beauty View*, 841 F.2d 524, 526 (3d Cir. 1988). Discovery and depositions of various law enforcement Defendants regarding their actions in the investigation, arrest, prosecution and conviction of Plaintiff is relevant to the position of the County Defendants should they be required to remain in the matter following resolution of their appeal.

13. Without a stay of the whole case, the County Defendants would be forced to expend significant time and expense, funded by taxpayer dollars, to defend the underlying claims at the same time they pursue the appeal.

14. Importantly, the contours of absolute immunity law further require a stay of the matter in its entirety pending resolution of the County Defendants' appeal. Absolute immunity protects the right not just to be free from judgment, but to be free from suit. *Imbler v. Patchman*, 424 U.S. 409, 410 (1976). Subjecting the County Defendants to suit in this Court through further litigation violates the well settled principals and broad scope of immunity afforded to prosecutors for the conduct arguably alleged by Plaintiff.

15. The County Defendants have conferred with counsel in this matter. The police Defendants do not contest to this Motion. While Plaintiff objects, any argument of prejudice based on further delay must be taken in the context of the underlying claim, with a stay of a few months not creating any new prejudice or harm.

WHEREFORE, Defendants, COUNTY OF INDIANA, PENNSYLVANIA, GREGORY OLSON and WILLIAM MARTIN, seek this Court to stay the matter pending the resolution and outcome of their appeal.

                                        Respectfully submitted,

                                        JONESPASSODELIS, PLLC

                              BY:  s/Marie Milie Jones
                                          MARIE MILIE JONES, Esquire
                                          PA I.D. No. 49711
                                          E-Mail: mjones@jonespassodelis.com

                                          MICHAEL R. LETTRICH, Esquire
                                          PA I.D. No. 80635
                                          E-Mail: mlettrich@jonespassodelis.com

                                          MARIA N. PIPAK, Esquire
                                          PA I.D. No. 317450
                                          E-Mail: mpipak@jonespassodelis.com

                                          Gulf Tower, Suite 3410
                                          707 Grant Street
                                          Pittsburgh, PA  15219
                                          Phone:  (412) 315-7272
                                          Fax:  (412) 315-7273

                                          Counsel for Defendants,
                                          COUNTY OF INDIANA, PENNSYLVANIA,
                                          GREGORY OLSON and WILLIAM MARTIN

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to all counsel of record by:

_____   U.S. First Class Mail, Postage Paid
_____   Hand Delivery
_____   Certified Mail, Return Receipt Requested
_____   Facsimile Transmittal
_____   UPS Delivery
__X__   Electronic Filing/Service

at the following address:

Emma Freudenberger, Esquire
Peter Neufeld, Esquire
Len Kamdang, Esquire
Neufeld Scheck & Brustin, LLP
99 Hudson Street, 8th Floor
New York City, NY 10013

Thomas J. Farrell, Esquire
Farrell & Reisinger LLC
300 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219

*(Counsel for Plaintiff)*

Michael E. Kennedy, Esquire
Senior Deputy Attorney General
Pennsylvania Office of Attorney General
1251 Waterfront Place, Mezzanine Level
Pittsburgh, PA 15222

*(Counsel for Defendants, John Sokol, Michael Steffee, Donald Beckwith, Joseph Stephen, Andrew Mollura and Glenn Walp)*

JONESPASSODELIS, PLLC

Date:  February 7, 2019

s/Marie Milie Jones
MARIE MILIE JONES, Esquire
MICHAEL R. LETTRICH, Esquire
MARIA N. PIPAK, Esquire

Counsel for Defendants,
COUNTY OF INDIANA, PENNSYLVANIA,
GREGORY OLSON and WILLIAM MARTIN

{W0158488.1}