IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEWIS JAMES FOGLE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:17cv194 |
| ) | **Electronic Filing** |
| **Pennsylvania State Police Troopers** ) | |
| **JOHN SOKOL, MICHAEL STEFFEE** ) | |
| **DONALD BECKWITH and JOSEPH** ) | |
| **STEPHEN, Corporals JOHN** ) | |
| **BARDROFF and ANDREW** ) | |
| **MOLLURA, and Lieutenant GLENN** ) | |
| **WALP, in their individual capacities**; ) | |
| **COUNTY OF INDIANA,** ) | |
| **PENNSYLVANIA**; Indiana County ) | |
| **District Attorney GREGORY OLSON,** ) | |
| **in his official and individual capacity**; and ) | |
| **Indiana County Assistant District** ) | |
| **Attorney WILLIAM MARTIN, in his** ) | |
| **individual capacity**, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW, this 21st day of June, 2019, upon due consideration of the Indiana County defendants' motion to stay pending the resolution of their interlocutory appeal and the parties' submissions in conjunction therewith, IT IS ORDERED that [87] the motion be, and the same hereby is, granted and this action is stayed in its entirety until the United States Court of Appeals for the Third Circuit has resolved the appeal.

The motion to stay raises compelling concerns and interests on each side that are in direct conflict and cannot be reconciled. Neither option available to this court is a desirable one. We are forced to choose between two virtually unacceptable outcomes.

On the one hand, the potential prejudice from the passage of additional time before plaintiff may litigate his claims arising out of the wrongful conviction that caused him to be incarcerated for nearly 35 years cannot be discounted. As plaintiff notes, several of the key individuals involved in the investigation leading to his prosecution are no longer alive and the potential for others to die or suffer further faded memories about evens that happened over 40 years ago presents a real and significant concern. There can be no doubt that from plaintiff's perspective, each day that the case is stayed is another day that his long pursuit for justice is deferred.[1]

On the other hand, the defendant prosecutors seek to maintain their asserted entitlement to prosecutorial immunity. "More than a mere defense to liability, prosecutorial immunity embodies the 'right not to stand trial . . . ." Odd, 538 F.3d 202, 207 (3d Cir. 2008) (citing In re Montgomery County, 215 F.3d 367, 373 (3d Cir. 2000) (citing Mitchell v. Forsyth, 472 U.S. 511, 525 (1985)). And the remaining claims cannot be segmented in a way that would permit those against the defendant officers to move forward without doing violence to the asserted right not to stand trial. Plaintiff's allegations have placed the defendant prosecutors, and particularly DA Olson, directly at the center of the fabrication of evidence claim. By permitting the case to move forward against the defendant officers, the defendant prosecutors would be forced to participate in the discovery or forego the ability to forge and control their own defense in the first instance. And there is a meaningful difference between participating in litigation as a party defendant and simply being deposed as a historical fact witness.

---

[1] It has to be assumed that on a microscopic level the frustration for plaintiff from further ongoing systemic delay is indicative of that sought to be memorialized by Langston Hughes in his celebrated work entitled "Harlem." See Harlem, Montage of a Dream Deferred, Langston Hughes, Holt 1951.

Given this state of affairs and the defendant prosecutors' established right to immediate interlocutory review of this court's December 28, 2018, ruling on their defense of prosecutorial immunity, we are forced to conclude that the least undesirable course of action is to enter the requested stay. We urge the United States Court of Appeals for the Third Circuit to resolve the pending appeal as expeditiously as possible.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    Thomas J. Farrell, Esquire
        Emma Freudenberger, Esquire
        Peter Neufeld, Esquire
        Vishal Agraharkar, Esquire
        Peter Neufeld, Esquire
        Mary Lynch Friedline, Esquire
        Michael Kennedy, Esquire
        Maria Milie Jones, Esquire
        Maria N. Pipak, Esquire
        Michael R. Lettrich, Esquire

(*Via CM/ECF Electronic Mail*)