IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEWIS JAMES FOGLE**, | ) |
| Plaintiff, | ) |
| v. | ) 2:17cv194 |
| | ) **Electronic Filing** |
| **Pennsylvania State Police Troopers JOHN SOKOL, MICHAEL STEFFEE DONALD BECKWITH and JOSEPH STEPHEN**, Corporals **JOHN BARDROFF and ANDREW MOLLURA**, and Lieutenant **GLENN WALP, in their individual capacities**; **COUNTY OF INDIANA, PENNSYLVANIA**; Indiana County District Attorney **GREGORY OLSON, in his official and individual capacity**; and **Indiana County Assistant District Attorney WILLIAM MARTIN, in his individual capacity**, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 25th day of September, 2020, upon due consideration of defendant Michael Steffee's Motion for a Finding of Incompetence and the parties' submissions in conjunction therewith, IT IS ORDERED that [99] the Motion be, and the same hereby is, denied.

Retired Pennsylvania Police Office Michael Steffee ("defendant") seeks an order pursuant to Pennsylvania Rule of Evidence 601(b) barring the completion of his deposition testimony and, by implication, his testimony at trial on the grounds that he is no longer capable of perceiving accurately, is unable to express himself, and has an impaired memory. Motion for a Finding of Incompetence (Doc. No. 99) at ¶ 8. The motion is supported by an affidavit submitted by defendant's daughter. See Affidavit of Susanne V. Steffee (Doc. No. 99-1). In the affidavit she advises that 1) she holds a power of attorney for her father; 2) defendant is 78 years of age and has a family history of Alzheimer's disease; 3) he has no recollection of his deposition being started and conducted for several hours in April of 2019 (approximately seven months prior); 5) defendant's memories concerning his career with the State Police "are becoming limited"; 6) his memories overall have faded over the last three years after the death of his wife; 7) the activities of daily living have become increasingly more difficult for him; 8) he frequently suffers from

forgetfulness when performing the tasks of daily living such as cooking, conversing with family members, recalling past events and remembering appointments and the days of the week/holidays; 9) he frequently experiences confusion when a) leaving the house for appointments or travel, b) using his cellular telephone or the television remote control, or c) using a computer to navigate the internet; 10) he suffers from hearing loss, which is becoming worse with the passage of time; and 11) he has lost interest in the recreational activities he used to enjoy, such as hunting, fishing, and socializing at the American Legion. Susanne Steffee further advises that "[t]here has been no medical diagnosis as we have tried to maintain a degree of sensitivity and dignity to my father regarding a diagnosis of dementia or [A]lzheimer's." Affidavit at ¶ 21.

In response, plaintiff points out that defendant allegedly played a critical role in the investigation of plaintiff and by implication the misconduct said to be at the base of plaintiff's wrongful conviction; defendant gave cogent testimony regarding his personal history and tenure at the PSP over the course of several hours, he then adopted a standard "I don't know" for every question asked that was specific to the investigation and indicated that would be his standard response going forward, whereupon counsel agreed to continue the deposition in order for defendant to review relevant police reports in an effort to refresh his recollection; defendant is asking for an unprecedented ruling that undiagnosed memory issues render him incompetent to testify; and defendant's submissions fail to meet the stringent standards for relief under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Plaintiff thus maintains that the motion should be denied.

Defendant's submissions fail to meet the stringent standards for relief under the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. Under Federal Rule of Evidence 601, every individual is presumed competent to testify unless the Rules provide otherwise. Fed. R Evid. 601. Thus, in federal court where federal law supplies the rule of decision, "competency is a matter of status not ability" and the Rules render incompetent only judges (Rule 605) and jurors (Rule 606). United States v. Ramirez, 871 F.2d 582, 584 (6th Cir. 1989). Rule 601 does not contain any requirement of mental ability and leaves such issues to the jury. See Rule 601 & Advisory Committee Notes; 4 Handbook of Fed. Evid. § 601:1 (8th ed. 2019). Plaintiff's central claim for relief is brought pursuant to 42 U.S.C. § 1983, and thus federal law supplies the rule of decision in this case.

Moreover, motions seeking to bar the taking of a party's deposition are disfavored in federal court.

Minter v. Wells Fargo, N.A., 258 F.R.D. 118, 125 (D. Md. 2009).  Such orders are rarely granted absent truly extraordinary circumstances and the moving party bears a heavy burden in showing such relief is warranted.  E.E.O.C. v. Freeman, 2012 WL 2370122, *1 (D. Md., June 21, 2012); Situ v. O'Neal, 2013 WL 12235594, *2 (D. P.R., July 16, 2013) ("The case law on this issue is clear that a showing of extraordinary circumstances is required for a witness—even more so a party—to be excused from having her deposition taken.") (collecting cases).

"[I]n seeking to prevent or delay a deposition by reason of medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition would be dangerous to the deponent's health."  Minter, 258 F.R.D. at 127 (quoting Madlin v. Andrew, 113 F.R.D. 650, 653 (M.D. N.C. 1987).  Assertions of such a danger are not to be taken lightly and much more than general or conclusory statements by a physician are required.  Id. (quoting Motsinger v. Flynt, 119 F.R.D. 373, 378 (M.D. N.C.1988).

Defendant has failed to carry his burden.  He is a party to this litigation and is alleged to have played an important role in the events at issue.  He is likely to have critical knowledge and information about those events as well as the actions of other defendants during the events in question (or at least he presumably had such knowledge and information).  And plaintiff has the right to explore the degree to which defendant's memories and recollections about those events truly have been impaired from the passage of time, the aging process and the progression of any existing disease.

Furthermore, the record lacks persuasive evidence that defendant actually has dementia, let alone that any such condition is present to a degree that proceeding further with the deposition would subject him to appreciable risk of physical injury or harm.  Compare Denson v. Corp. of Pres. Of Church of Jesus Christ of Latter-Day Saints, 2018 WL 10247390, *2 (D. Utah Dec. 4, 2018) (mild to moderate dementia documented by less than a robust battery of medical and psychological testing did not rise to the level of extraordinary circumstances needed to establish good cause, notwithstanding statement by treating physician after administering one cognitive assessment test and statement of the deponent's daughter).  Indeed, Susanne Steffee acknowledges that a medical diagnosis regarding defendant's memory loss has not been made.  And defendant was capable of testifying at some length and without issue as to his tenure and career as a state police officer, including during the relevant time period in which the underlying events occurred.

It was only when the interrogation turned to the specific events underlying this lawsuit that he retreated to a response of "I don't recall" and indicated that would be his standard answer going forward. These circumstances make clear that plaintiff's need to explore the boundaries of defendant's memory loss and the impact any such loss will have on the presentation of testimony and other evidence at trial must be given meaningful consideration in balancing the factors presented. Given these circumstances, a showing of good cause under Rule 26 has not been presented and defendant's motion for a finding of incompetence (and the implicit request for a protective order) properly has been denied.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc: Thomas J. Farrell, Esquire
      Emma Freudenberger, Esquire
      Peter Neufeld, Esquire
      Vishal Agraharkar, Esquire
      Peter Neufeld, Esquire
      Mary Lynch Friedline, Esquire
      Michael Kennedy, Esquire
      Maria Milie Jones, Esquire
      Maria N. Pipak, Esquire
      Michael R. Lettrich, Esquire

      (*Via CM/ECF Electronic Mail*)